I concur with the majority as to its disposition of the first assignment of error but only as to part of its analysis. The majority states that R. C. 3121.03, effective March 22, 2001, deleted the employer liability language. What the majority fails to note is that the employer liability language was contained in R. C. 3121.38 effective March 22, 2001. I still agree that since the appellant agreed to "be responsible for the above payment . . . until the wage withholding order takes effect" he is responsible for the unpaid child support. In addition, I would find, that R. C. 3121.38 does not relieve the obligor of his responsibility to pay child support.
I concur with the majority as to its analysis and disposition of the second assignment of error, but write separately to discuss an additional point. Had the trial court been without jurisdiction to issue an order for the appellant to provide a list of names, addresses and phone numbers, etc. of prospective employers contacted, then I would have reached a different conclusion on the second assignment of error. In other words I find that the trial court was within its authority to issue the order. If the trial court was without authority to issue the order, the order would have been void and, therefore, could have been challenged in this proceeding.
I concur with the majority as to its analysis and disposition of the fourth assignment of error.
I dissent from the majority as to its analysis and disposition of the third and fifth assignments of error. The majority finds, in its analysis of the fifth assignment of error, that the appellant is challenging the portions of the July 16, 2001, judgment entry which sets forth the purge conditions for the appellant. I find that the appellant is challenging the purge conditions of the August 2, 2000, agreed judgment entry.
While appellant's statement of the fifth assignment of error is not well constructed, appellant's discussion of that assignment clearly refers only to the language contained in the August 2, 2000, agreed entry. The references the appellant makes to the July 16, 2001, entry is only to show the trial court's interpretation of the August 2, 2000, agreed entry.
I would find that the appellant in the fifth assignment of error is arguing that the appellant cannot be found to have violated the August 2, 2000, order, because that order is void. I agree with appellant in part. I agree that a portion of number 3 of the August 2, 2000, entry is void. Neither a suspended sentence nor a purge can be conditioned upon future payments of a monthly support obligation. Therefore, I conclude that the portion of the August 2, 2000, order which sets the future payment of $285.00 per month in child support as a condition of purge and of the suspended sentence is void. Since it is void, it cannot be a condition of the purge or the suspended sentence and can be challenged at this time even though not challenged on direct appeal. The remaining condition of the purge and suspended sentence which requires payment of $45.00 per month on arrearages is not void. The trial court established the amount of arrearages as of March 31, 2000, to be $14,636.08. The appellant can eventually purge himself of the contempt by paying this amount. It is a past fixed amount debt.
Based on the preceding analysis of the fifth assignment of error, I would vacate the July 16, 2001, entry of the trial court and remand the matter back to the trial court for further proceedings. The trial court must look at the evidence to determine if it would reach the same or a different result based on the non-void portion of the August 2, 2000, entry. In other words, the trial court must determine whether the appellant has established an inability to pay the additional $45.00 per month.[1] Therefore, the third assignment of error is sustained in part, also.
[1] Under current law, the monies received from the appellant by the Child Support Enforcement Agency would be credited to current support first before being applied to arrearages. The trial court could determine that the appellant was able to pay part or all of the current support based on his income but not the additional $45.00 a month on the arrearages. In that circumstance, appellant could be found guilty of contempt (if a new contempt action were to be filed) for the violation of the current support order, but the 60 day suspended sentence could not be imposed.